Croft v. Bailey.

CROFT *et als.* *v.* BAILEY *et als.*

APPEAL BY WRIT OF ERROR. *Security.* *What required.* Upon appeal or writ of error to this court, the law, which requires security, contemplates security additional to what the party had by the judgment below, and therefore, upon writ of error by two of three parties to the judgment below, the other judgment debtor alone on the bond, will not meet the requirements of the statute.

MOTION TO DISMISS.

CALDWELL & SON for complainants.

PROSSER and HENDERSON & JOUROLMAN for defendants.

COOPER, J., delivered an opinion, as follows:

The bill, filed to enjoin the collection of a judgment at law, was dismissed on demurrer, and a judgment rendered against the complainants and J. B. Turley, their surety on the injunction bond for the debt enjoined, with interest. Upon petition of the complainants, writs of error and *supersedeas* were directed to be issued upon the petitioners giving bond as required by law, namely, a bond with security for the debt, damages and costs: Code, secs. 3162, 3164. A bond has been given, with J. B. Turley as the only surety, and the appellees move to dismiss the writ of error for want of the necessary bond. It is probable the petitioners thought the security sufficient, upon the ground that the writ of error did not bring

up the case as to their co-debtor, J. B. Turley, and that he was not, therefore, disqualified from becoming a surety by being a party to the appeal: Code, sec. 3159. But the law clearly contemplates additional security to what the party already has by the judgment or decree appealed from. If it were not so, one party to a judgment might appeal and give his co-debtor as surety, and then the co-debtor take a writ of error and give the other as surety, and both parties obtain the benefit of an appeal, and of the law's delay, without giving any security at all. Such a construction of the law is inadmissible. Strictly speaking, the writ of error ought to be dismissed for want of the necessary bond, but the practice of the court has been to dismiss unless a proper bond is given in a reasonable time. The usual order may be made allowing ten days time without further notice.